UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23561-Civ-COOKE/BANDSTRA

SHIRL CORNWALL,

    Plaintiff
vs.

MIAMI DADE COUNTY CORRECTIONS, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before me upon Defendants' Motion to Dismiss (ECF No. 3). I have reviewed the motion, the record and the relevant legal authorities. For the reasoned explained below, the Complaint is dismissed without prejudice.

### BACKGROUND

*Pro se* Plaintiff Shirl Cornwall filed her Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on September 27, 2010. The Complaint alleges various claims against the Miami-Dade County Corrections and Director Timothy P. Ryan for violations of Plaintiff's constitutional civil rights including false imprisonment, battery, unlawful hold on bond, unlawful strip search, humiliation, defamation, emotional and psychological trauma, "treats to beat my ass", stolen belongings, unlawful detainment in jail, cruel and unusual punishment, and other violations of the Fourth, Eighth and Fourteenth Amendments.

### DISCUSSION

Defendants argue that the Complaint should be dismissed because the Complaint fails to meet the pleading requirements of the Federal Rules of Civil Procedure. I agree. Although the pleadings of *pro se* litigants are entitled to a more liberal construction than pleadings drafted by

attorneys, "this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs, Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff's one-page Complaint enumerates thirteen (13) claims against Defendants without setting forth a single fact to support any of her claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level."). Dismissal of Plaintiff's Complaint is appropriate because it does not state a claim for relief that is plausible on its face. *See id*. at 570.

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with leave from the Court when justice so requires. Upon a liberal reading of the Complaint, I find that it *may* be possible for Plaintiff to amend her Complaint to properly state a claim or claims upon which relief may be granted. Thus, Defendants' motion to dismiss is granted, however, Plaintiff will have the opportunity to amend her Complaint.[1]

## CONCLUSION

For the reasons explained in this Order, Defendants' Motion to Dismiss (ECF No. 3) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** *without prejudice*. Plaintiff may file an

---

[1] Defendants also argue that the claims against Miami-Dade County Corrections & Rehabilitation Department should be dismissed because, as a County agency, does not have the capacity to sue or to be sued. The capacity to sue or be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). Although it is well settled that Florida police departments are not subject to suit, Florida law does not indicate that the Miami-Dade County Corrections & Rehabilitation Department is a department that is also exempt from suit. *See Williams v. The Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008); *see also Pan-Am Tobaco Corp. v. Dep't of Corrections*, 471 So. 2d 4 (Fla. 1984) (governmental entity can incur contractual liability). Plaintiff alleges that the Miami-Dade County Corrections & Rehabilitation Department is liable for violations of 42 U.S.C. § 1983. A governmental entity can be held liable under 42 U.S.C. § 1983 if the injuries complained of were inflicted pursuant to a "policy or custom" of that entity. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978).

Amended Complaint within twenty (20) days of this Order.  If no Amended Complaint if filed within that time, the Clerk shall *close* this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 14th day of March 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*

Shirl Cornwall
6573 SW Sunset Drive
Apt. D-11
Miami, Florida 33143