UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23561-Civ-COOKE/TURNOFF

SHIRL CORNWALL,

    Plaintiff
vs.

MIAMI-DADE COUNTY CORRECTIONS
AND REHABILITATION DEPARTMENT, *et al.*,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT MIAMI-DADE COUNTY
CORRECTIONS AND REHABILITATION DEPARTMENT'S MOTION TO
QUASH SERVICE OF PROCESS AND MOTION TO DISMISS**

THIS CASE is before me upon Defendants Miami-Dade County Corrections and Rehabilitation Department's and Timothy Ryan's Motion to Quash Service of Process or, in the Alternative, to Dismiss Amended Complaint. (ECF No. 12). I have reviewed the record, the arguments and the relevant legal authorities. For the reasons explained below, the motion is granted.

**BACKGROUND**

On September 7, 2006, Plaintiff Shirl Cornwall was arrested and charged with two counts of battery, false imprisonment, tampering with a witness, and child abuse without harm. Mr. Cornwall was released from custody and was issued a restraining order, compelling him to stay away from his wife. On September 26, 2006, Mr. Cornwall was taken into the custody of Defendant Miami-Dade County Corrections and Rehabilitation Department ("MDCR") for violating his pretrial release conditions and the restraining order. Mr. Cornwall alleges that he was never served with the restraining order. On September 28, 2006, the Eleventh Judicial

Circuit for Miami-Dade County issued a Temporary Injunction for Protection Against Domestic Violence With Minor Child on behalf of Mr. Cornwall's wife.  The injunction ordered Mr. Cornwall to refrain from contacting his wife, travelling within 500 feet of their home or visiting their daughter.

Mr. Cornwall was released from MDCR custody on or about April 7, 2007.  While in custody, Mr. Cornwall completed twenty-six inmate grievance forms to document the alleged offensive treatment he received at the detention facility, including the following:

- November 29, 2006: failure to be transported to vote.
- November 30, 2006: verbal threats of batter made by a correction officer.
- December 20, 2006: allegations that prior November 30, 2006 grievance not addressed by MDCR administration.
- January 30, 2007: verbal intimidation made by a correction officer.
- March 19, 2007: arbitrary relocation by correction officer.
- March 22, 2007: exposure to mace when a correction officer attempted to restrain fighting inmates.
- March 30, 2007: conditions within housing unit were unsanitary due to "cesspool" left by transporting new detainees.[1]

Mr. Cornwall, proceeding *pro se*, filed a complaint against MDCR and director Timothy P. Ryan in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on September 27, 2010.  The complaint alleged various claims against the Defendants for violations of Mr. Cornwall's constitutional civil rights including false imprisonment, battery, unlawful hold on bond, unlawful strip search, humiliation, defamation, emotional and psychological trauma, stolen belongings, cruel and unusual punishment, and other violations of the Fourth, Eighth and Fourteenth Amendments.  The action was removed to this Court on October 4, 2010.  On March 14, 2011, Mr. Cornwall's complaint was dismissed without

---

[1] The remaining grievance forms proceed to identify Mr. Cornwall's observations related to other inmates and their treatment at MDCR.

prejudice for failure to state a cause of action. Mr. Cornwall filed an amended complaint on March 31, 2011. (ECF No. 10).

On April 18, 2011, MDCR filed the instant motion to quash service of process or, in the alternative, dismiss Mr. Cornwall's claims. (ECF No. 12). On June 30, 2011, Mr. Cornwall was ordered to show cause why he had not filed a response to Defendants' motion and/or why the motion should not be granted. (ECF No. 14). Mr. Cornwall has failed or otherwise refused to file a response to MDCR's motion or the Court's order to show cause.

## LEGAL STANDARD

The rules of pleading require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, the rules of pleading allow a defendant to file a motion asserting a defense that the plaintiff failed to effectuate service of process or failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(5)-(6). Once the sufficiency of service is brought into question, the plaintiff has the burden of provide proper service of process. *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999). If the plaintiff can establish that service was proper, the burden shifts to the defendant to "bring strong and convincing evidence of insufficient process." *Hollander v. Wolf*, No. 09-80587, 2009 WL 3336012, at *3 (S.D. Fla. 2009). "The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact." *Id.*

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must articulate "enough facts to state a claims for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "[T]he pleadings are construed broadly," and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d

3

1271 n.1 (11th Cir. 1999)).  Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those facts in improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555-56.  Although *pro see* pleadings must be construed more liberally than pleadings drafted by attorneys, "this leniency does not give a court license to serve as *de facto* counsel for a party … or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. Cnty of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## DISCUSSION

Defendants argue that the amended complaint should be dismissed in its entirety for four reasons.  First, Defendants argue that Mr. Cornwall's claims are barred by the statute of limitations.  Second, MDCR claims that service of process must be quashed because the real party in interest, Miami-Dade County, had not been properly served.  MDCR also argues that even if service of process was properly effectuated, MDCR is not a "legal entity" and therefore does not have the capacity to be sued.  Lastly, Defendants contend that Mr. Cornwall's civil rights claims do not satisfy the requisite pleading standards.  I will discuss each in turn.

**A.  Mr. Cornwall's Claims are not Barred by the Statute of Limitations.**

Claims for unconstitutional seizure and/or false imprisonment under 42 U.S.C. § 1983 subject to a four-year statute of limitation period.  *See* Fla. Stat. § 95.11(3)(o).  "[T]he statute of limitations begins to run when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).  Mr. Cornwall was arrested for violating a domestic restraining order and was in MDCR custody from September 26, 2006 until

4

April 4, 2007.[2]  Based on Mr. Cornwall allegations, the statute of limitations began to run on April 4, 2007.  The complaint was timely filed.

**B.  The Amended Complaint was not Served Properly.**

Pursuant to Federal Rule of Civil Procedure 4(j)(2), a state created governmental agency, such as MDCR, is given proper notice of a cause of action when the plaintiff delivers a copy of the complaint and summons to the organization's chief executive officer or in the manner prescribed by state law.  Under Florida law, a complaint may be served on the president, vice president, chair, vice chair or any member of the governing board, council or commission.  *See* Fla. Stat. § 48.111.  MDCR is a department of Miami-Dade County.  Thus, to effectuate proper service, a copy of the complaint and summons would have had to be delivered to an authoritative member of Miami-Dade County.  The record reflects that Mr. Cornwall delivered a copy of the summons and original complaint to Timothy P. Ryan.  Neither the original complaint nor the amended complaint was served upon Miami-Dade County.  Accordingly, and as it pertains to the claims against MDCR, service of process is quashed.

**C.  Miami-Dade County Corrections and Rehabilitation is not *Sui Juris*.**

The capacity to sue or be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3).  "Although municipalities have the power to sue and be sued under Florida law, [MDCR], as a division of Miami-Dade County, lacks the capacity to be sued." *Ingraham v. Miami-Dade Cnty. Corr. and Rehab. Dep't*, No. 09-23829, 2010 WL 3359445 at *3 (S.D. Fla. May 20, 2010) (citing *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla.

---

[2] MDCR does not acknowledge that Mr. Cornwall remained in custody until April 4, 2007.  The grievance forms, however, reflect that Mr. Cornwall was in custody until at least March 30, 2007.

Dist. Ct. App. 1995)).   Therefore, Mr. Cornwall's claims against MDCR are dismissed with prejudice.

**D.  Mr. Cornwall's § 1983 Claims Fail to State a Cause of Action.**

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he … was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted).  "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.*  "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1523 (11th Cir. 1995).

While in MDCR's custody, Mr. Cornwall documented his alleged abusive treatment through the grievance process.  Specifically, Mr. Cornwall alleges that he was spoken to harshly, was formal not released from jail to vote, and was exposed to mace fumes when a correction officer attempted to restrain fighting inmates.  Individually, or in the aggregate, Mr. Cornwall's claims do not assert the deprivation of a constitutionally protected right.  "Standing along, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).  There is no constitutional right to be released from jail and transported to vote. *See O'Brien v. Skinner*, 414 U.S. 524, 527-31 (1974) (the right to vote does not protect against those circumstances which render voting impracticable, including incarceration). Lastly, Mr. Cornwall's exposure to mace fumes was, at most, a *de minimis* use of physical force that "will not support a claim for excessive use of force in violation of the Fourth

Amendment." *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000). Mr. Cornwall's remaining grievances are equally deficient as they fail to allege a constitutional violation.

## CONCLUSION

For the reasons explained in this Order, Mr. Cornwall's case does not have legal merit. The Amended Complaint fails to state a claim on which relief may be granted. It is therefore **ORDERED and ADJUDGED** that Mr. Cornwall's claims against Miami-Dade County Corrections and Rehabilitation Department and Timothy Ryan are **DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 31st day of August 2011.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*